# Exhibit J

EXECUTION COPY

## KEY PRINCIPAL GUARANTY

This Key Principal Guaranty ("**Guaranty**") is entered into as of January 31, 2005, by the undersigned (the "**Key Principal**" whether one or more), for the benefit of **FANNIE MAE**, a corporation organized and existing under the Federal National Mortgage Association Charter Act, 12 U.S.C. Section 1716 et. seq., and/or any subsequent holder of the Note (the "**Fannie Mae**").

## RECITALS

A.  Key Principal has a direct or indirect interest in JDM Washington Street LLC, a New York limited liability company (the "**Borrower**").

B.  The Borrower owns a leasehold interest in the property located at 90 Washington Street Street, New York County, New York, and encumbered by the Mortgage described below (the "**Property**").

C.  The Property is being refinanced with the proceeds of tax-exempt bonds (the "**Bonds**") issued by the New York City Housing Development Corporation (the "**Issuer**") in the aggregate principal amount of $74,800,000.

D.  The Borrower has delivered to the Issuer a Mortgage Note (the "**Note**"), dated January 1, 2005, in the amount of $74,800,000, which Note has been assigned to the Trustee and Fannie Mae pursuant to an Assignment and Agreement, dated as of January 1, 2005 (the "**Assignment**").

E.  The Borrower has entered into a Reimbursement Agreement with Fannie Mae dated the date of this Guaranty (the "**Reimbursement Agreement**"), which provides, inter alia, that Fannie Mae will provide credit enhancement for the Bonds, and that Fannie Mae will deliver to the Trustee that certain Credit Enhancement Instrument (as defined in the Reimbursement Agreement) and which further contains the Borrower's obligations to reimburse Fannie Mae for any payments made by Fannie Mae under such Credit Enhancement Instrument, all on the terms more particularly set forth therein.

F.  The Borrower has delivered to the Issuer and to Fannie Mae, a Multifamily Mortgage, Assignment of Rents and Security Agreement, dated as of Jaunuary 31, 2005 (the "**Mortgage**") applicable to the Property, securing, inter alia, Borrower's obligation under the Note and under the Reimbursement Agreement and certain other documents, respectively.

G.  The Issuer has assigned its interest in the Mortgage to Fannie Mae and to the Trustee pursuant to the Assignment.

H.   Key Principal has an ownership interest in, or is otherwise financially interested in, the Borrower and will receive a direct and material benefit from Fannie Mae's agreement to execute and deliver the Credit Enhancement Instrument to the Trustee as provided in the Reimbursement Agreement.

I.   Fannie Mae is willing to execute and deliver the Credit Enhancement Instrument to the Trustee only if Key Principal agrees to guaranty certain obligations of the Borrower.

J.   Key Principal is willing to execute this Guaranty to guaranty certain of Borrower's obligations on the terms and provisions set forth in this Guaranty.

NOW, THEREFORE, in order to induce Fannie Mae to make the Loan to Borrower, and in consideration thereof, Key Principal agrees as follows:

1.   "Indebtedness" and other capitalized terms used but not defined in this Guaranty shall have the meanings assigned to them in the Mortgage.

2.   Key Principal hereby absolutely, unconditionally and irrevocably guarantees to Fannie Mae the full and prompt payment when due, whether at maturity or earlier, by reason of acceleration or otherwise, and at all times thereafter, of all amounts for which Borrower is personally liable under Paragraph 10 of the Note.

3.   The obligations of Key Principal under this Guaranty shall survive any foreclosure proceeding, any foreclosure sale, any delivery of any deed in lieu of foreclosure, and any release of record of the Mortgage.

4.   Key Principal's obligations under this Guaranty constitute an unconditional guaranty of payment and not merely a guaranty of collection.

5.   The obligations of Key Principal under this Guaranty shall be performed without demand by Fannie Mae and shall be unconditional irrespective of the genuineness, validity, regularity or enforceability of the Note, the Mortgage, or any other Loan Document, and without regard to any other circumstance which might otherwise constitute a legal or equitable discharge of a surety or a guarantor. Key Principal hereby waives, to the fullest extent permitted by law, the benefit of all principles or provisions of law, statutory or otherwise, which are or might be in conflict with the terms of this Guaranty and agrees that Key Principal's obligations shall not be affected by any circumstances, whether or not referred to in this Guaranty, which might otherwise constitute a legal or equitable discharge of a surety or a guarantor. Key Principal hereby waives, to the fullest extent permitted by law, the benefits of any right of discharge under any and all statutes or other laws relating to guarantors or sureties and any other rights of sureties and guarantors thereunder. Without limiting the generality of the foregoing, Key Principal hereby waives, to the fullest extent permitted by law, any rights or defenses based upon an offset by Key Principal against any obligation now or hereafter owed to Key Principal by Borrower, any defense based upon any taking, modification or release of any collateral for any the Indebtedness, or any failure to perfect any security interest in, or the taking of, or failure to take any other action with respect to, any collateral securing payment of the Borrower's obligations,

any claim or defense based upon an election of remedies by Fannie Mae or any intentional or unintentional act or omission of Fannie Mae which destroys or otherwise impairs the subrogation rights, if any, of Key Principal or the right of Key Principal (after payment of the amounts required hereunder) to proceed against the Borrower for reimbursement, or both, diligence in collecting the Indebtedness, presentment, demand for payment, protest, all notices with respect to the Note and this Guaranty which may be required by statute, rule of law or otherwise to preserve Fannie Mae's rights against Key Principal under this Guaranty, including notice of acceptance, notice of any amendment of the Loan Documents, notice of the occurrence of any default or Event of Default, notice of intent to accelerate, notice of acceleration, notice of dishonor, notice of foreclosure, notice of protest, and notice of the incurring by Borrower of any obligation or indebtedness. Key Principal also waives, to the fullest extent permitted by law, all rights to require Fannie Mae to (a) proceed against Borrower or any other guarantor of Borrower's payment or performance with respect to the Indebtedness (an "**Other Guarantor**"), (b) if Borrower or any guarantor is a partnership, proceed against any general partner of Borrower or the guarantor, (c) proceed against or exhaust any collateral held by Fannie Mae to secure the repayment of the Indebtedness, or (d) pursue any other remedy it may now or hereafter have against Borrower, or, if Borrower is a partnership, any general partner of Borrower.

6.   At any time or from time to time and any number of times, without notice to Key Principal and without affecting the liability of Key Principal, (a) the time for payment of the principal of or interest on the Indebtedness may be extended or the Indebtedness may be renewed in whole or in part; (b) the time for Borrower's performance of or compliance with any covenant or agreement contained in the Note, the Mortgage or any other Loan Document, whether presently existing or hereinafter entered into, may be extended or such performance or compliance may be waived; (c) the maturity of the Indebtedness may be accelerated as provided in the Note, the Mortgage, or any other Loan Document; (d) the Note, the Mortgage, or any other Loan Document may be modified or amended by Fannie Mae and Borrower in any respect, including an increase in the principal amount; and (e) any security for the Indebtedness may be modified, exchanged, surrendered or otherwise dealt with or additional security may be pledged or mortgaged for the Indebtedness.

7.   If more than one person executes this Guaranty, the obligations of those persons under this Guaranty shall be joint and several. Fannie Mae, in its discretion, may (a) bring suit against Key Principal, or any one or more of the Persons constituting Key Principal, and any Other Guarantor, jointly and severally, or against any one or more of them; (b) compromise or settle with any one or more of the Persons constituting Key Principal, or any Other Guarantor, for such consideration as Fannie Mae may deem proper; (c) release one or more of the Persons constituting Key Principal, or any Other Guarantor, from liability; and (d) otherwise deal with Key Principal and any Other Guarantor, or any one or more of them, in any manner, and no such action shall impair the rights of Fannie Mae to collect from Key Principal any amount guaranteed by Key Principal under this Guaranty. Nothing contained in this paragraph shall in any way affect or impair the rights or obligations of Key Principal with respect to any Other Guarantor.

8. Any indebtedness of Borrower held by Key Principal now or in the future is and shall be subordinated to the Indebtedness and any such indebtedness of Borrower shall be collected, enforced and received by Key Principal, as trustee for Fannie Mae, but without reducing or affecting in any manner the liability of Key Principal under the other provisions of this Guaranty.

9. Key Principal shall have no right of, and hereby waives any claim for, subrogation or reimbursement against Borrower or any general partner of Borrower by reason of any payment by Key Principal under this Guaranty, whether such right or claim arises at law or in equity or under any contract or statute, until the Indebtedness has been paid in full and there has expired the maximum possible period thereafter during which any payment made by Borrower to Fannie Mae with respect to the Indebtedness could be deemed a preference under the United States Bankruptcy Code.

10. If any payment by Borrower is held to constitute a preference under any applicable bankruptcy, insolvency, or similar laws, or if for any other reason Fannie Mae is required to refund any sums to Borrower, such refund shall not constitute a release of any liability of Key Principal under this Guaranty. It is the intention of Fannie Mae and Key Principal that Key Principal's obligations under this Guaranty shall not be discharged except by Key Principal's performance of such obligations and then only to the extent of such performance.

11. Key Principal shall from time to time, upon request by Fannie Mae, deliver to Fannie Mae such financial statements as Fannie Mae may reasonably require.

12. Fannie Mae may assign its rights under this Guaranty in whole or in part and, upon any such assignment, all the terms and provisions of this Guaranty shall inure to the benefit of such assignee to the extent so assigned. The terms used to designate any of the parties herein shall be deemed to include the heirs, legal representatives, successors and assigns of such parties.

13. This Guaranty and the other Loan Documents represent the final agreement between the parties and may not be contradicted by evidence of prior, contemporaneous or subsequent oral agreements. There are no unwritten oral agreements between the parties. All prior or contemporaneous agreements, understandings, representations, and statements, oral or written, are merged into this Guaranty and the other Loan Documents. Key Principal acknowledges that it has received a copy of the Note and all other Loan Documents. Neither this Guaranty nor any of its provisions may be waived, modified, amended, discharged, or terminated except by an agreement in writing signed by the party against which the enforcement of the waiver, modification, amendment, discharge, or termination is sought, and then only to the extent set forth in that agreement.

14. **Key Principal hereby irrevocably and unconditionally submits, for itself and its property, to the nonexclusive jurisdiction of any State court or Federal court of the United States of America sitting in New York State, and any appellate court from any thereof, in any action or proceeding arising out of or relating to this Guaranty or for recognition or enforcement of any judgment, and each of Key Principal and Fannie Mae hereby irrevocably and unconditionally agrees that all claims in respect of any such action**

or proceeding may be heard and determined in such State court or, to the extent permitted by law, in such Federal court. Each of Key Principal and Fannie Mae agrees that a final judgment in any such action or proceeding is conclusive and may be enforced in other jurisdictions by suit on the judgment or in any other manner provided by law. Nothing in this Guaranty affects any right that Fannie Mae may otherwise have to bring any action or proceeding relating to this Guaranty against Key Principal or its properties in the courts of any jurisdiction.

Key Principal hereby irrevocably and unconditionally waives, to the fullest extent it may legally and effectively do so, any objection which it may now or hereafter have to the laying of venue of any suit, action or proceeding arising out of or relating to this Guaranty in any New York State court or Federal court sitting in New York State. Each of Key Principal and Fannie Mae hereby irrevocably waives, to the fullest extent permitted by law, the defense of an inconvenient forum to the maintenance of such action or proceeding in any such court.

Each of Key Principal and Fannie Mae irrevocably consents to service of process in the manner provided for giving notices provided in Section 31 of the Mortgage. Nothing in this Guaranty will affect the right of either Key Principal or Fannie Mae to serve process in any other manner permitted by law.

15. Key Principal (or each Key Principal, if more than one) agrees to notify Fannie Mae (in the manner for giving notices provided in Section 31 of the Mortgage) of any change in Key Principal's address within 10 Business Days after such change of address occurs.

16. KEY PRINCIPAL AND FANNIE MAE EACH (A) AGREES NOT TO ELECT A TRIAL BY JURY WITH RESPECT TO ANY ISSUE ARISING OUT OF THIS GUARANTY OR THE RELATIONSHIP BETWEEN THE PARTIES AS GUARANTOR AND FANNIE MAE THAT IS TRIABLE OF RIGHT BY A JURY AND (B) WAIVES ANY RIGHT TO TRIAL BY JURY WITH RESPECT TO SUCH ISSUE TO THE EXTENT THAT ANY SUCH RIGHT EXISTS NOW OR IN THE FUTURE. THIS WAIVER OF RIGHT TO TRIAL BY JURY IS SEPARATELY GIVEN BY EACH PARTY, KNOWINGLY AND VOLUNTARILY WITH THE BENEFIT OF COMPETENT LEGAL COUNSEL.

**IN WITNESS WHEREOF**, Key Principal has signed and delivered this Guaranty or has caused this Guaranty to be signed and delivered by its duly authorized representative.

**Key Principal**

Name: Joseph Moinian

Address: 1045 Park Avenue
New York, NY 10028

Social Security No.: ███████