USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 04/15/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X

FEDERAL NATIONAL MORTGAGE ASSOCIATION,

                Plaintiff,

    -v-

JDM WASHINGTON STREET LLC, SWING
STAGING LLC, LINK RENOVATION, INC.,
CARDELLA TRUCKING CO., INC., PHOENIX
SUTTON STR. INC., THE PACE COMPANIES NEW
YORK, INC., AMERICAN PIPE & TANK LINING CO.,
INC., ADVANTAGE WHOLESALE SUPPLY LLC,
ABC COMPANIES 1–100, & JOHN DOES 1–100,

                Defendants.

------------------------------------------------------------------X

25-cv-1728 (LJL)

MEMORANDUM AND ORDER

LEWIS J. LIMAN, United States District Judge:

Defendant JDM Washington Street LLC ("Defendant" moves, pursuant to Federal Rule of Civil Procedure 12(b)(2), to dismiss the complaint against it for lack of personal jurisdiction and improper service. Dkt. No. 45.[1] The motion is denied.

"On a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of showing that the court has jurisdiction over the defendant." *Metro. Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560, 566 (2d Cir. 1996). "[T]he showing a plaintiff must make to defeat a defendant's claim that the court lacks personal jurisdiction over it 'varies depending on the procedural posture of the litigation.'" *Dorchester Fin. Sec., Inc. v. Banco BRJ, S.A.*, 722 F.3d 81, 84 (2d Cir. 2013) (quoting *Ball v. Metallurgie Hoboken-Overpelt, S.A.*, 902 F.2d 194,

---

[1] Defendant also moved to dismiss the complaint for failure to state a claim upon which relief could be granted. Dkt. No. 45. It withdrew that motion in its reply memorandum of law filed on April 11, 2025. Dkt. No. 57 at 1.

197 (2d Cir. 1990)).  If an evidentiary hearing is not held, plaintiff need make only a prima facie showing by its pleadings and affidavits that jurisdiction exists.  *Id.* at 85.  This prima facie showing "must include an averment of facts that, if credited by the ultimate trier of fact, would suffice to establish jurisdiction over the defendant."  *Id.*

"Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied."  *Omni Cap. Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987).  When the sufficiency of service of process is challenged under Federal Rule of Civil Procedure 12(b)(5), "the plaintiff bears the burden of proving adequate service."  *Esposito v. TipRanks, Ltd.*, 2024 WL 68528, at *2 (S.D.N.Y. Jan. 4, 2024) (quoting *Militinska-Lake v. Kirnon*, 2023 WL 7648511, at *1 (2d Cir. Nov. 15, 2023) (summary order)); *see* Charles Alan Wright & Arthur R. Miller, 4A Fed. Prac. and Proc. § 1083 (4th ed. 2025) ("The party on whose behalf service of process is made has the burden of establishing its validity.").

The complaint alleges facts establishing personal jurisdiction over Defendant.  New York's general jurisdiction statute provides for jurisdiction over "persons, property, or status as might have been exercised heretofore."  N.Y. C.P.L.R. 301.  A defendant is subject to general personal jurisdiction if he is "engaged in such a continuous and systematic course of 'doing business' [in New York] as to warrant a finding of its 'presence' in this jurisdiction."  *Laufer v. Ostrow*, 434 N.E. 692, 694 (N.Y. 1982) (quoting *McGowan v. Smith*, 419 N.E.2d 321, 323 (N.Y. 1981)).  According to the complaint, Defendant is a New York limited liability company, located in New York, New York.  Dkt. No. 1 ¶¶ 7.  It is party to a Loan Agreement and a Reimbursement Agreement that contain consent-to-jurisdiction provisions expressly providing for jurisdiction and venue in the State of New York.  *Id.* ¶ 18; Dkt. No. 1-10 § 10.7; Dkt. No. 1-8

§ 13.15. Although Plaintiff moves under Rule 12(b)(2), which concerns personal jurisdiction, any argument the Court lacks personal jurisdiction here is entirely without merit. *See Brown v. Lockheed Martin Corp.*, 814 F.3d 619, 627 (2d Cir. 2016) (personal jurisdiction exists in state where the defendant "maintains its principal place of business"); *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 103 (2d Cir. 2006) ("Parties can consent to personal jurisdiction through forum-selection clauses in contractual agreements.").

Plaintiff also has established that the procedural requirements for service of process have been satisfied. On March 18, 2025, Plaintiff filed an affirmation of service by its service provider that, on March 7, 2025, he served the summons and verified complaint, as well as other relevant papers in this case, on Defendant by personally delivering them at Defendant's address to an employee authorized by appointment to receive service of process. Dkt. No. 39. That establishes service of process under New York law. *See* N.Y. C.P.L.R. 311-a ("Service of process on any domestic or foreign limited liability company shall be made by delivering a copy personally to . . . any . . . agent authorized by appointment to receive process.").

Defendant's motion is based on what it claims was Plaintiff's failure to comply with the Court's directive in connection with its order to show cause that Plaintiff serve a copy of the order and all papers supporting Plaintiff's application for appointment of a receiver on Defendant "on or before the 5th day of March, 2025 by email, personal delivery, facsimile, overnight courier, or first class mail." Dkt. No. 27. Defendant claims that Plaintiff attempted to serve Defendant by overnight delivery at an outdated address. Dkt. No. 45 at 2. Plaintiff only served Defendant with the papers on the order to show cause the following day, March 6. Dkt. No. 45-3 at 2. The argument is frivolous. The Court's directive went to the notice required under Rule 65 before a restraining order is issued, Fed. R. Civ. P. 65, and not to the service of the summons

and complaint under Rule 4 of the Federal Rules of Civil Procedure, *cf.* Fed. R. Civ. P. 65 advisory committee note to 1966 amendment (suggesting that notice under Rule 65 can be informal). At a minimum, Plaintiff substantially complied with the Court's order. And Defendant received actual notice, responding to the Order to Show Cause on March 12, 2025, Dkt. No. 31, and appearing at argument on March 21, 2025, Dkt. No. 46, without requesting an adjournment.

The motion to dismiss is DENIED.

The Clerk of Court is respectfully directed to close Dkt. No. 45.

SO ORDERED.

Dated: April 15, 2025
New York, New York

_____
LEWIS J. LIMAN
United States District Judge

4