UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                                  :

Federal National Mortgage Association,     :

                        :

            Plaintiff,      :         25-cv-1728 (LJL)

                    :

    -v-             :     MEMORANDUM AND

                    :         ORDER

JDM Washington Street LLC, et al.,    :

                    :

         Defendants.    :

                    :
-------------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 06/26/2026

LEWIS J. LIMAN, United States District Judge:

On March 21, 2025, the Court entered an order (the "Receiver Order") appointing Trigild, Inc. ("Trigild") as receiver to take physical custody and possession of a receivership estate defined to include "all tangible and physical assets" of defendant JDM Washington Street LLC ("JDM").  Dkt. No. 47.  Paragraph 9 of the Receiver Order restrains "All Parties and persons acting through them" from commencing "any judicial, administrative, or other proceeding against the Receiver . . . or the Receivership Estate" or from taking "[a]ny act to obtain possession of property of the Receivership Estate or to exercise control over property of the Receivership Estate."  *Id.* ¶ 9.  Non-party Verdant Commercial Capital, LLC ("Verdant") now moves for an order partially lifting the stay imposed by Paragraph 9 of the Receiver Order to allow it to submit any additional documents required by the New York County Court Clerk in support of Verdant's request for entry of the Confession of Judgment against JDM and to allow it to enforce its judgment against JDM.  Dkt. No. 155.

Verdant provided financing to JDM in 2022 pursuant to a Commercial Equipment Financing Agreement ("EFA").  Dkt. No. 155-2 ¶ 5.  JDM defaulted on its payment obligations under the EFA.  *Id.* ¶ 6.  On May 18, 2023, Verdant obtained a default judgment against JDM for

the sum of $92,625.52 plus costs and interests in the Ohio Court of Common Pleas, Hamilton County.  *Id.* ¶ 9; Dkt. No. 155-4.  On December 21, 2023, before the default judgment was domesticated in New York, Verdant and JDM entered into a Settlement Agreement pursuant to which JDM agreed to make 24 equal payments of $3,181.83 over a two-year period.  Dkt. No. 155-2 ¶ 11; *see* Dkt. No. 155-5.  The Settlement Agreement was secured by a confession of judgment (the "Confession of Judgment") in the amount of $92,625.52 together with interest accruing at 1.5% per month from December 2022 until paid plus costs and reasonable attorney's fees.  Dkt. No. 155-2 ¶ 12; *see* Dkt. No. 155-6.  JDM has defaulted under the Settlement Agreement.  Dkt. No. 155-2 ¶ 13.  Verdant has filed the Confession of Judgment against JDM for the remaining sum owed of $44,897.37 plus interest and costs, but the Clerk of Court has required Verdant to submit a waiver of attorney's fees affidavit and make certain changes to the caption in its moving papers before the Confession of Judgment could be signed and entered.  *Id.* ¶¶ 15, 17.  JDM has taken the position that the filing of the Confession of Judgment and any effort to enforce it would violate the Receiver Order.  *Id.* ¶ 19.

The test for whether the stay in this case should be lifted to permit prosecution of a state court action against the Receivership Estate involves consideration of the three-prong test derived from the Ninth Circuit case *SEC v. Wencke*, 622 F.2d 1363, 1373 (9th Cir. 1980).  The court must consider: "(1) whether refusing to lift the stay would maintain the status quo or whether the moving party would suffer substantial injury if not granted relief; (2) the point during the receivership at which the motion for relief from the stay is made; and (3) the merits of the moving party's underlying claim."  *Wells Fargo Bank v. Acropolis Gardens Realty Corp.*, 2019 WL 3293463, at *3 (E.D.N.Y. June 26, 2019); *see also SEC v. Byers*, 592 F. Supp. 2d 532, 536 (S.D.N.Y. 2008), *aff'd*, 609 F.3d 87 (2d Cir. 2010); *KeyBank Nat'l Ass'n v. Monolith Solar*

*Assocs. LLC*, 2020 WL 1157650, at *3 (N.D.N.Y. March 10, 2020); *SEC v. Callahan*, 2 F. Supp. 3d 427, 436–37 (E.D.N.Y. 2014); *United States v. JHW Greentree Cap., L.P.*, 2014 WL 2608516, at *4 (D. Conn. June 11, 2014). Ultimately, these factors require the Court to answer the question of whether the stay is "necessary to achieve the purposes of the receivership." *Wencke*, 752 F.2d at 1370.

The first factor, whether refusing to lift the stay would maintain the status quo or whether the moving party would suffer substantial injury if not granted relief, clearly weighs in favor of Verdant. The factor requires the Court to consider the competing interests of the receiver in maintaining the status quo and the moving party in obtaining relief. *Wencke*, 622 F.2d at 1373; *KeyBank*, 2020 WL 1157650 at *3 ("The first factor 'essentially balances the interests in preserving the receivership estate' against the interests of the movant" (quoting *SEC v. Stanford Int'l Bank Ltd*, 424 F. App'x 338, 341 (5th Cir. 2011))).

Verdant has demonstrated that it has a substantial interest in submitting the additional documents to the New York Supreme Court County Clerk's Office and in securing a judgment but not in enforcing the judgment against JDM. Dkt. No. 155-1 at 3. If the Confession of Judgment is not accepted for filing and judgment is not entered for the sum confessed, that document will lose its primary value. Verdant will not have a judgment in the amount it is owed that it will be able to enforce in New York. And Verdant must file the requisite papers before the end of this year. Under CPLR 3218(b), a judgment creditor must file any confession of judgment in the county where the debtor resided within three years after the affidavit is executed. JDM executed the Confession on December 21, 2023. Verdant needs to submit the additional documents requested by the New York County Clerk by December 2026 to preserve its right to enforce its valid judgment against JDM. *Id.* at 2; Dkt. No. 173 at 4–5. Permitting Verdant to file

3

the papers will avoid it suffering substantial injury while doing little to disturb the status quo. Any injury to the estate is speculative.  A limited order lifting the stay to permit the filing of the papers with the New York County Clerk will simply avoid JDM enjoying the unfair and unjust benefit of depriving Verdant of the value of that confession.

Verdant has not shown, however, that it will suffer substantial injury if it is not able to enforce the judgment.  In the Court's prior order lifting the stay on the application of JDM's former lawyers, The Klein Law Group CRE, PLLC, the Court lifted the stay to permit the filing of an action against JDM for accounts due and owing but not to enforce any ensuing judgment. The Court required the law firm to seek further leave of Court to enforce the judgment.  *See Fed. Nat'l Mortg. Ass'n v. JDM Washington St. LLC*, 2026 WL 323337, at *5 (S.D.N.Y. Feb. 6, 2026).  Verdant argues only that it has an interest in enforcement of the judgment because it has "been chasing repayment of the loan it provided JDM for more than three years."  Dkt. No. 155-1 at 5.  But the delay in being paid from the assets of the Receivership Estate is the invariable impact of assets being placed in receivership.  It cannot alone demonstrate substantial injury. *See United States v. Acorn Tech. Fund, L.P.*, 429 F.3d 438, 449 (3d Cir. 2005) ("[n]ot being allowed the first bite at the apple" is not substantial injury).  At the same time, permitting Verdant to enforce its judgment will necessarily alter the status quo.  The status quo is that all of the assets of JDM, both tangible and intangible, comprise the Receivership Estate to protect the value of that estate.  Dkt. No. 47 ¶ 3.  If the Court permits Verdant to enforce its judgment, it could not also in fairness prevent others from doing so, resulting in the unravelling of the Receivership Estate.  *See KeyBank Nat'l Ass'n v. Monolith Solar Assocs. LLC*, 2020 WL 4340518, at *3 (N.D.N.Y. July 28, 2020); *Schwartzman v. Rogue Int'l Talent Grp., Inc.*, 2013 WL 460218, at *2 (E.D. Pa. Feb. 7, 2013).

The other factors weigh in favor of Verdant.  The second *Wencke* factor turns upon whether the Receiver has had a sufficient amount of time to identify and inventory JDM's debts and liabilities and to gain a workable understanding of its current state of affairs.  The Court previously determined that there has been sufficient time for the Receiver to be able to obtain an understanding of its current state of affairs.  *Fed. Nat'l Mortg. Ass'n*, 2026 WL 323337, at *3.  The Receiver therefore "does not primarily rely on this factor in opposing Verdant's motion."  Dkt. No. 167 at 8.  It cuts strongly in favor of Verdant's requested relief.

The third *Wencke* factor considers the merits of the moving party's underlying claim.  Verdant has a confession of judgment.  "A district court need only determine whether the party has colorable claims to assert which justify lifting the receivership stay."  *KeyBank*, 2020 WL 1157650, at *4 (quoting *Acorn Tech. Fund*, 429 F.3d at 449); *Greentree Cap.*, 2014 WL 2608516, at *9 (same).  "Where the claim is unlikely to succeed (and the receiver therefore likely to prevail), there may be less reason to require the receiver to defend the action now rather than defer its resolution."  *Wencke*, 622 F.2d at 1373.  Verdant has a Confession of Judgment against JDM.  The Receiver agrees that Verdant has satisfied this factor.  Dkt. No. 167 at 9.

The Receiver Order is lifted to permit Verdant to file the necessary papers with the New York County Clerk for the Confession of Judgment to be filed and judgment to be entered for the sum confessed.  The Clerk of Court is respectfully directed to close the motion at Dkt. No. 155.

SO ORDERED.

Dated: June 26, 2026
New York, New York

_____
LEWIS J. LIMAN
United States District Judge